United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA JONES,
Plaintiff,
v.
FRANK BISIGNANO,
Defendant.

Case No. 26-cv-02585-JD

**ORDER RE DISMISSAL**

Plaintiff Jessica Jones challenges a decision by a Social Security Administration (SSA) administrative law judge (ALJ) that found her disability ended in October 2021, and that she had not been disabled since that date. Dkt. No. 1. The challenge is time-barred under 42 U.S.C. Section 405(g), and the case is dismissed.

The reasons for this conclusion are straightforward. In March 2018, the SSA determined that Jones was disabled as of March 2017. *See* Dkt. No. 11-1 at ECF p. 8. In October 2021, the SSA determined Jones was no longer disabled. *Id.* An ALJ held a hearing on August 26, 2024, and issued a decision November 6, 2024, finding that Jones's disability ended October 1, 2021. *Id.* at ECF p. 25. Jones' attorney filed a request for review of the ALJ's decision on December 20, 2024. Dkt. No. 3-1 (Fegan Decl.) ¶ 3. The Appeals Council denied Jones' request for review on November 6, 2024. Dkt. No. 11-1 at ECF p. 34 (Notice of Appeals Council Action).

Under 42 U.S.C. Section 405(g), Jones "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Jones filed this case March 24, 2026. Dkt. No. 1. This was more than 140 days after the Appeals Council decision denying her request for review.

United States District Court
Northern District of California

Jones says equitable tolling averts the time bar, Dkt. Nos. 3, 12, but the point is not well taken. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). On this score, Jones says only that she "had problems with [her] mailbox," Dkt. No. 3-2 (Jones Decl.) ¶ 8; her lawyer also indicated that she had her own mailroom and case management system issues, Dkt. No. 3-1 ¶¶ 8-10. These are not the extraordinary circumstances required for equitable tolling. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Consequently, the complaint is dismissed with prejudice. The case is closed.

**IT IS SO ORDERED.**

Dated: September 25, 2026

JAMES DONATO
United States District Judge